UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CORTEZ INGRAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00531-SRC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Memorandum and Order**

Petitioner Cortez Ingram asks the Court to vacate his sentence under 28 U.S.C. § 2255. He argues that, in his criminal case, he received constitutionally ineffective assistance of counsel by both his trial counsel and his appellate counsel.  Ingram, however, no longer remains in the custody of the Bureau of Prisons by way of presidential clemency.  And so because Ingram challenges only his term of imprisonment in his motion, and not the validity of his conviction, the Court finds moot his motion to vacate and, on that basis, denies it.

**I.     Background**

**A.     Criminal proceedings**

In January 2022, a federal grand jury returned a one-count indictment against Ingram, charging him with possession with intent to distribute a mixture or substance containing a detectible amount of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).  Indictment at 1, *United States of America v. Ingram*, No. 4:22-cr-00004-SRC-1 (E.D. Mo. Jan. 5, 2022), doc. 1 ("Crim. doc.") (The Court cites to page numbers as assigned by CM/ECF.).  In November 2022, Ingram pleaded guilty to the one count in exchange for the United States (1) not pursuing any "further federal prosecution . . . relative to [his]

possession with the intent to distribute controlled substances on May 17, 2021, . . . the uncharged conduct on February 16, 2022," Ingram's "possession with the intent to distribute controlled substances[,] and [his] illegal firearm possession[]" and (2) not seeking "statutory enhancement of [his] sentence by filing an information pursuant to" 21 U.S.C. § 851(a).  Crim. doc. 44 at 1–2; *see* Crim. doc. 80, Plea Tr. at 12:14–12:25.

Ingram admitted to knowingly violating section 841(a)(1), admitted that there was a factual basis for his guilty plea to that count, and confirmed that he fully understood the elements of his crime—namely that he "possessed a controlled substance," "knew that he was in possession of, or intended to possess, a controlled substance," and "intended to distribute some or all of the controlled substance to another person."  Crim. doc. 44 at 3; *see* Crim. doc. 80, Plea Tr. at 14:2–14:18; 25:17–25:22.

In March 2023, the Court held a sentencing hearing at which it sentenced Ingram to a sentence of 123 months' imprisonment followed by three years' supervised release.  Crim. docs. 55, 58; *see* Crim. doc. 69, Sent. Tr. at 35:25–36:13.  After sentencing, Ingram filed a notice of appeal and motion to appoint counsel.  Crim. doc. 65.  In February 2024, the United States Court of Appeals for the Eighth Circuit affirmed Ingram's sentence.  *United States v. Ingram*, 91 F.4th 1271, 1274–75 (8th Cir. 2024) (concluding that "[t]he district court did not abuse its discretion in departing upward.  Nor [was] the extent of the departure unreasonable.").

In January 2025, former President Joseph R. Biden, Jr. commuted Ingram's 123-month sentence to 40 months' imprisonment.  Crim. doc. 92 at 3.  On that basis, the BOP released Ingram from its custody on January 21, 2025.  *See* Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Name"; then enter "Cortez" into the "First" field and "Ingram" into the "Last" field; and then click "Search") (last visited June 2, 2025).

Thus, Ingram is not currently incarcerated, *see id.*, and instead is serving his three-year term of supervised release, *see* Crim. doc. 92 at 3 (indicating that the commutation "leave[s] intact and in effect the term of supervised release imposed by the court with all its conditions and all other components of the sentence"), with a projected completion date in January 2028.

### B.    Civil proceedings

In April 2024, Ingram timely filed a motion to vacate his sentence under section 2255. *See* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, *Ingram v. United States*, 4:24-cv-00531-SRC (E.D. Mo. Apr. 10, 2024), doc. 1 ("Civ. doc."). In his motion, Ingram first argues that his trial counsel "was ineffective when he failed to secure a binding plea agreement and misrepresented to Ingram that the Court would be bound by the agreement [trial counsel] did secure as for . . . the Revised Joint Sentencing Recommendation of [an] 87[-]month sentence." *Id.* at 5. Second, Ingram argues that his appellate counsel "provided ineffective assistance when [he] argued" (1) "the 11(c)(1)(B) plea agreement was actually an 11(c)(1)(C) plea agreement," (2) "this Court abused its discretion when it imposed an upward departure under § 5K2.21," and (3) "the Court and the [Probation Officer] erred when the [Probation Officer] made an ex parte sentencing recommendation to the Court." *Id.* at 14.

The United States responds that the record conclusively demonstrates that Ingram is not entitled to relief, and that each of Ingram's arguments fail to satisfy the two-pronged analysis in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), for ineffective-assistance-of-counsel claims. *See* doc. 4. In his reply, Ingram insists that he is entitled to relief and that he would be able to prove his claims if the Court grants him an evidentiary hearing. *See* Civ. doc. 8. But because the BOP no longer holds Ingram in its custody, the Court must address the threshold question of whether of Ingram's section-2255 motion presents a live case or controversy.

3

## II.    Discussion

The Eighth Circuit has held that, where a section-2255 petitioner "challenge[s] only his term of imprisonment, which has now expired," and does "not dispute the term of supervised release," "the court cannot grant any effectual remedy, because" the petitioner "has obtained all of the relief that he sought." *Owen v. United States*, 930 F.3d 989, 990 (8th Cir. 2019). In dismissing a section-2255 petitioner's appeal as moot, the Eighth Circuit further explained that "no ongoing case or controversy" remains when the petitioner "has been released from prison." *Id.*; *see Giese v. United States*, 853 F. App'x 46, 47 (8th Cir. 2021) (per curiam) (dismissing appeal of section-2255 motion raising ineffective-assistance-of-counsel claim and concluding "that this case is now moot because [petitioner] has been released from prison" and that "[a] ruling here would not affect the supervised-release term he is currently serving, nor are there any collateral consequences from leaving the district court's order in place").

In cases where a petitioner asserted ineffective-assistance-of-counsel claims in a section-2255 motion, lower courts in this judicial district have applied this rationale to dismiss the motion as moot where the petitioner did "not challenge the validity of his conviction, or his supervised release term," and he did "not show a collateral consequence of the conviction." *Watt v. United States*, No. 4:20-cv-00922-RLW, 2023 WL 2571561, at *7 (E.D. Mo. Mar. 20, 2023) (denying as moot section-2255 motion raising ineffective-assistance-of-counsel claims that "concern[ed the] applicability of the four-level enhancement for possessing the firearm in connection with another felony offense"); *e.g.*, *Adams v. United States*, No. 4:19-cv-01309-RLW, 2022 WL 2340542, at *1 (E.D. Mo. June 29, 2022) (denying as moot section-2255 motion where petitioner "claim[ed] his attorney," among other things, "informed" petitioner that the attorney "thought [petitioner's] sentence would be no more than 48 months"); *Jones v. United*

*States*, No. 4:20-cv-01206-RLW, 2023 WL 2524812, at *4 (E.D. Mo. Mar. 15, 2023) (denying as moot section-2255 motion where petitioner "allege[d] his attorney was ineffective for failing to challenge (1) the amount of controlled substances for which [petitioner] was held accountable, and (2) a two-level increase for [petitioner's] possession of a firearm").

At the same time, "where 'a petitioner, though released from custody, faces sufficient repercussions from his allegedly unlawful punishment, the case is not moot.'" *O'Neil v. United States*, 966 F.3d 764, 770 n.4 (8th Cir. 2020) (quoting *Leonard v. Nix*, 55 F.3d 370, 372–73 (8th Cir. 1995)). To escape the mootness bar, a petitioner's "ineffective-assistance-of-counsel claims" must "turn on the validity of his conviction, not the validity of his sentence." *Id.* (concluding that petitioner's "ineffective-assistance-of-counsel claims regarding the search warrant and motions to suppress . . . are not mooted by his release"). But a petitioner's "challenge to his 'term of imprisonment' . . . is . . . moot." *Id.* (quoting *Owen*, 930 F.3d at 990) (concluding that petitioner's other ineffective-assistance-of-counsel claim "regarding the obstruction-of-justice enhancement [was] . . . moot"). And moreover, "[w]here the allegedly illegal punishment does not produce any collateral consequences independent of the underlying conviction, the case will be mooted by physical release." *Leonard*, 55 F.3d at 373.

At the outset, the Court notes that the parties have neither raised nor briefed the mootness issue. *See* Civ. docs. 1, 4, 8. The Court must, however, confirm satisfaction of the case-or-controversy requirement in Article III, Section 2 of the United States Constitution. *Cf. United States v. Suastegui-Leon*, No. 22-2744, 2022 WL 17348110, at *1 (8th Cir. Dec. 1, 2022) (Stras, J., concurring in part and dissenting part) (per curiam) (explaining that, if the petitioner "challenge[d] the length of a now-expired term of imprisonment, . . . [t]he issue [would be] moot"—"in other words," the court could not "decide it").

In his instant motion to vacate, Ingram seeks relief "regarding his sentence exposure." Civ. doc. 1 at 8.  As the Court recounted, Ingram argues that his trial counsel "was ineffective when he failed to secure a binding plea agreement and misrepresented to Ingram that the Court would be bound by . . . the Revised Joint Sentencing Recommendation of [an] 87[-]month sentence."  *Id.* at 5.  Ingram also argues that his appellate counsel "provided ineffective assistance when [he] argued" that (1) "the 11(c)(1)(B) plea agreement was actually an 11(c)(1)(C) plea agreement," (2) "this Court abused its discretion when it imposed an upward departure under § 5K2.21," and (3) "the Court and the [Probation Officer] erred when the [Probation Officer] made an ex parte sentencing recommendation to the Court."  *Id.* at 14.

Specifically, in his prayer for relief, Ingram requests that the Court "vacate[]" his 123-month sentence and "impose the agreed[-]to 87[-]month sentence."  *Id.* at 5; *see Owen*, 930 F.3d at 990 (reviewing the petitioner's prayer for relief and acknowledging that he "requested only 'that his sentence be vacated and that he be re-sentenced to a term of months within the applicable statutory maximum of ten years and his corrected Guideline range" (emphasis and citation omitted)).  Ingram, however, does not make mention of his three-year term of supervised release or any collateral consequences of his conviction.  *See* Civ. docs. 1, 8.

In sum, Ingram's section-2255 motion "challenge[s] only his term of imprisonment, which has now expired."  *Owen*, 930 F.3d at 990; *e.g.*, *Watt*, 2023 WL 2571561, at *7.  He does "not dispute the term of supervised release."  *Owen*, 930 F.3d at 990; *e.g.*, *Adams*, 2022 WL 2340542, at *1.  And he does "not show a collateral consequence of the conviction."  *Watt*, 2023 WL 2571561, at *7; *Adams*, 2022 WL 2340542, at *2; *Jones*, 2023 WL 2524812, at *4. Moreover, Ingram's "ineffective-assistance-of-counsel claims"—relating to trial counsel's representations regarding the length of Ingram's sentence and appellate counsel's arguments as

to the plea agreement, an upward departure, and the Probation Officer's sentencing recommendation—do not "turn on the validity of his conviction." *O'Neil*, 966 F.3d at 770 n.4. Instead, Ingram's claims turn on "the validity of his sentence." *Id.*; *see* Civ. docs. 1, 8.

Also, the Court finds no persuasive reason to "presume without deciding that" Ingram "could invoke the exception to the mootness doctrine that his collateral injuries survive after his release from incarceration." *Farris v. United States*, No. 4:15-cv-01728-JAR, 2019 WL 316567, at *2 (E.D. Mo. Jan. 24, 2019) (citing *McKanry v. U.S.*, No. 4:12–cv–00064-CAS, 2015 WL 475970, at *2 (E.D. Mo. Feb. 4, 2015)) (addressing merits of section-2255 motion); *see also McKanry*, 2015 WL 475970, at *2 (presuming "without deciding that [petitioner] could invoke the exception to the mootness doctrine," because "[i]t is foreseeable . . . that [petitioner's] ability to engage in his chosen occupation as a licensed real[-]estate broker would be hampered by a criminal conviction"). In his instant motion, Ingram does not make *any* showing of "collateral consequence[s] of the conviction," *Watt*, 2023 WL 2571561, at *7, and instead centers his ineffective-assistance-of-counsel arguments on his request that the Court "vacate[]" his 123-month sentence and "impose the agreed[-]to 87[-]month sentence," Civ. doc. 1 at 5. Further, since his release from the BOP, Ingram has not filed any supplementary documentation in this case or requested relief, in addition to the relief sought in his section-2255 motion.

And so because Ingram "challenge[s] only his term of imprisonment, which has now expired," does "not dispute the term of supervised release," *Owen*, 930 F.3d at 990, and does not make any showing of "collateral consequence[s] of the conviction," *Watt*, 2023 WL 2571561, at *7, "[t]here is . . . no ongoing case or controversy," and the Court therefore "cannot grant any effectual remedy, because" Ingram "has obtained all of the relief that he sought," *Owen*, 930 F.3d at 990.

III.    **Certificate of appealability**

For the Court to issue a certificate of appealability, Ingram must make a substantial showing that he suffered the denial of a constitutional right.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  A substantial showing means one indicating that reasonable jurists could debate the issues, a court could resolve the issues differently, or the issues deserve further proceedings.  *Id.*  But as shown in the discussion above, Ingram has not made such a showing. The Court therefore declines to issue a certificate of appealability in this case.

IV.    **Conclusion**

Accordingly, the Court denies as moot Ingram's [1] Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  On that basis, the Court also denies Ingram's request for an evidentiary hearing.  Civ. doc. 1 at 15.  The Court does not issue a certificate of appealability.  A separate order of dismissal accompanies this memorandum and order.

So ordered this 2nd day of June 2025.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

8